**BLANKROME**

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/2022

*Phone:*   (212) 885-5436
*Fax:*     (917) 332-3854
*Email:*   Hilary.korman@blankrome.com

August 4, 2022

**BY ECF**
Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *Nicholas A. Owoyemi v. Credit Corp Solutions Inc.*, 1:21-cv-08021-JSR
    Letter Motion to Cancel or Adjourn August 16, 2022 Settlement Conference

Dear Judge Lehrburger:

  We are counsel to Defendant Credit Corp Solutions Inc. dba Tasman Credit ("Defendant" or "CCSI")) in the above-referenced action. Pursuant to Rule I(f) of Your Honor's Individual Rules of Practice ("IPR"), Defendant writes to request that the settlement conference scheduled for August 16, 2022 (*see* Dkt. No. 39) be cancelled, or, in the alternative, adjourned for at least sixty (60) days. In sum, Defendant believes the conference would be futile because Plaintiff's claims have no merit and Plaintiff has not provided Defendant with a settlement offer.

  As background, this case was initiated by removal from state court on September 27, 2021. In the initial complaint, Plaintiff alleged, *inter alia*, that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") when it "wrongfully filed a derogatory credit report" with credit reporting agencies (Complaint at ¶ 3 [Dkt. No. 1-1]) and "declined to remove such derogatory reports," *Id.* ¶ 4. On November 22, 2021, Defendant filed a motion to dismiss. The Court issued a Report and Recommendation (Dkt. No. 26) (the "Report and Recommendation"), which was adopted on March 31, 2022 (Dkt. No. 28), dismissing all of Plaintiff's claims except Plaintiff's FCRA claim under § 1681s-2(b).[1] The Report and Recommendation determined that the limited FCRA claim could survive *if* Plaintiff amended his Complaint and alleged that Plaintiff actually filed a tradeline dispute with a credit reporting agency ("CRA") and that Defendant received notice of that dispute from a CRA. (*see* Report and Recommendation, pp. 5-6).

  On April 21, 2022, Plaintiff filed an amended complaint (Dkt. No. 32) (the "Amended Compl.") alleging that Plaintiff disputed an inaccurate tradeline furnished by Defendant to the credit reporting agencies (Amended Compl., ¶¶ 2-3). The Amended Complaint also alleges that

---

[1] Of the FCRA claims potentially asserted by Plaintiff, this was the only claim that the Court held Plaintiff had a private right of action to pursue.

BLANKROME

Plaintiff exhausted the steps necessary to resolve the inaccuracy before the lawsuit was brought (*Id*. at ¶ 4).  Plaintiff further alleges that the "C.R.A.'s" contacted Defendant about the dispute and that Defendant failed to investigate the disputed credit information reasonably, in violation of Section 1681s-2(b) of the FCRA (*Id.* at ¶¶ 4-9 & 11).  Defendant denies Plaintiff's factual allegations or that it violated Section 1681s-2(b) of the FCRA.  Among other things, before this lawsuit was commenced, Plaintiff did not receive any notices of dispute from any CRA (although it only reports to Experian).  In addition, the Amended Complaint fails to allege how CCSI's investigation, which could not have occurred, was unreasonable or why the tradeline it reported was inaccurate.

On June 8, 2022, the Court conducted an initial conference, and a discovery schedule was implemented.  (Dkt. No. 38.)  The scheduling order directed, among other things, that Plaintiff produce with his initial disclosures any correspondence with the credit agencies about the alleged dispute (*id.*).  Plaintiff subsequently produced the dispute letters at issue, and they reflect that Mr. Owoyemi drafted letters on August 5, 2021 to the CRA's disputing a tradeline reported by *Lending Club*, the servicer of the loan taken by Mr. Owoyemi that was subsequently assigned to Defendant for collection.  However, the documents produced do not reflect that Plaintiff submitted a dispute to a CRA with respect to a tradeline actually reported by *Defendant* (the only scenario where Defendant would receive notice of the dispute from the CRA and have an obligation to investigate).  *See* Exhibit A.  Defendant also requested a variety of documents from Plaintiff to better understand his claims, including proof of mailing of the dispute letters to the CRA's and the CRAs' written communication to him regarding the outcome of their investigation.  By and large, Mr. Owoyemi responded that the documents were "inapplicable or unavailable."  Plaintiff provided similar responses with respect to requests seeking evidence to support his purported financial damages.  Defendant is in the process of working through these discovery deficiencies with Plaintiff, and, in the meantime, intends to subpoena the CRA's for copies of their files.[2]

Because Defendant has no evidence, and has not yet received any evidence from Plaintiff, that disputes were filed during the time at issue with a CRA (with respect to a tradeline reported by CCSI) and sent to CCSI, there is no merit to Plaintiff's claims.  Thus, CCSI does not think it is prudent to expend the parties' and the Court's time and resources to prepare and participate in a settlement conference that will be futile.  In addition, although Defendant reminded Plaintiff of his obligation to provide a settlement offer to Defendant within 14 days of the settlement conference, pursuant to the Court's Settlement Conference Procedures, Plaintiff has not done so.  Finally, Defendant advised Plaintiff of its intention to file this letter, and attempted to seek Plaintiff's position, but Defendant declined to respond to the question.

For these reasons, Defendant respectfully requests that the Court cancel the August 16, 2022 settlement conference.  In the event the Court declines to cancel the conference, Defendant

---

[2] Because Defendant anticipates that the CRA's will require consent from the Plaintiff or an order from the Court, pursuant to 15 U.S.C. § 1681b(a), before responding to the subpoena, Defendant has been attempting to obtain a signed and notarized consent form from Plaintiff.  Plaintiff has returned a signed consent form but it has not yet been notarized.  It is unclear if Plaintiff will notarize it.  In the event Plaintiff declines, or is unable to notarize the consent form, a motion to so-order the subpoenas will likely be required.

152154.01239/127073351v.1

**BLANKROME**

requests that it be re-scheduled to another date at least sixty (60) days in the future so Defendant can resolve the outstanding discovery disputes with Plaintiff and receive and review responses to the CRA subpoenas.

Thank you for your consideration.

Respectfully submitted,

/s/ *Hilary F. Korman*

Hilary F. Korman

cc: Nicholas A. Owoyemi, *Pro se*
(by ECF and e-mail and to nicholasowoyemi@yahoo.com [service by email on consent])

Request granted in part. The settlement conference is adjourned, and will be rescheduled for approximately 60 days from now

SO ORDERED:

8/11/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

3